UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**UNITED STATES OF AMERICA**

         **-v-**                                  **5:15-CR-81-1 (NAM)**

**ANDREW RAYMOND,**

                     **Defendant.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

United States Attorney, Northern District of New York
Carla B. Freedman, Esq., Assistant United States Attorney
Michael F. Perry, Esq., Assistant United States Attorney
Tamara Thomson, Esq., Assistant United States Attorney
100 South Clinton Street
Syracuse, New York 13261

Office of Michael Spano
Michael Spano, Esq., of counsel
304 South Franklin Street
Syracuse, New York 13202
Attorney for Andrew Raymond

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

      On July 26, 2017, after a two-week trial, a jury convicted defendant Andrew Raymond

("Raymond") and his codefendant Brian Requena of both counts of an indictment charging them

with conspiracy to possess with the intent to distribute and to distribute a controlled substance

analogue in violation of 21 U.S.C. §§ 84l(a)(1);(b)(1)(C); and 846 (Count One), and conspiracy to

commit promotional and international money laundering in violation of 18 U.S.C. §§

1956(a)(l)(A)(i);(a)(2)(A); and (h) (Count Two). Sentencing is scheduled for December 19, 2017.

Presently before the Court is Raymond's motion (Dkt. No. 238), filed on November 29, 2017, to

set aside the jury verdict on Count One and for a new trial under Fed. R. Crim. P. 33.

The motion is untimely.  Rule 33(b)(2) provides: "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."  Thus, the deadline for the motion was August 9, 2017.

After trial and conviction, Raymond moved for appointment of CJA counsel (Dkt. No. 210).  On October 30, 2017, the Court granted the motion (Dkt. No. 229) and appointed Michael Spano, Esq., who had first appeared on behalf of Raymond as retained local counsel on May 12, 2015.  Raymond had retained other attorneys as lead and trial counsel, and Attorney Spano had little involvement with the case until his recent appointment as CJA counsel.[1]  Attorney Spano made the instant motion on November 29, 2017.  In his letter to the Court accompanying the Rule 33 motion, Attorney Spano requests the Court to allow late filing based on Fed. R. Crim. P. Rule 45(b)(1)(B), which provides: "When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made ... after the time expires if the party failed to act because of excusable neglect."  Attorney Spano's letter states: "Mr. Raymond tells me that he immediately instructed his previous attorneys to file a Rule 33 Motion complaining of the same issue in this motion – his attorneys ignored his request and the time limit passed."

Raymond is not entitled to relief under Rule 45(b)(1)(B), because he has made no evidentiary showing of excusable neglect.  There is no sworn statement from Raymond supporting his representation to Spano that he immediately instructed his previous attorneys to file a Rule 33 motion.  Further, the representation is conclusory, because it lacks specific facts

---

[1] On April 29, 2015, Raymond retained Anthony Brooklier, Esq., as lead counsel. Shortly after Attorney Brooklier's death on November 2, 2015, Raymond retained Donald B. Marks, Esq. and Darren T. Kavinoky, Esq., as lead counsel. Later, before trial, Raymond also retained Michael P.R. Reed, Esq. and Pamela O'Leary Tower, Esq.

-2-

such as when, where, and to whom Raymond made the alleged request – all of which information

would be within Raymond's personal knowledge.  The Court notes also that in Raymond's

October 3, 2017 motion to appoint CJA counsel, his complaints about retained trial counsel did

not refer to a failure to make a Rule 33 motion.  Finally, there is no reasonable excuse for the 30-

day delay after the appointment of Attorney Spano.

     In any event, there is no merit to Raymond's motion.  The motion primarily argues that

the Court's jury instruction regarding unanimity was erroneous.  At the charge conference on July

24, 2017, Raymond's trial attorneys did not object to this aspect of the jury charge, which stated:

> In order to convict a defendant on Count One, you must unanimously agree
> that the Government has proven that at least one of the substances identified
> in Count One of the indictment qualifies as a controlled substance analogue.
> You need not, however, unanimously agree on which of the substance or
> substances qualify as a controlled substance analogue.... Again, you need not
> unanimously agree on which of the substances a Defendant knowingly
> conspired to distribute or possess with the intent to distribute.

This instruction is correct.[2]  It is supported by holdings in numerous cases – some of which are

cited below – involving conspiracies to possess with intent to distribute and to distribute

controlled substances.  Such holdings apply to the instant case, which involves controlled

substance analogues.  *See* 21 U.S.C. § 813 ("A controlled substance analogue shall, to the extent

intended for human consumption, be treated, for the purposes of any Federal law as a controlled

substance[.]").

     As relevant here, under 21 U.S.C. § 841(a)(1), it is unlawful "for any person knowingly or

intentionally ... to ... distribute ... or possess with intent to ... distribute ... a controlled substance."

---

[2] The instructions also correctly charge the knowledge requirement and the definition of
controlled substance analogue.

-3-

The specific type of controlled substance is not an element of the crime.  Under 21 U.S.C. § 846, any person who conspires to violate section 841(a)(1) is subject to the same penalties as those prescribed for the offense that was the object of the conspiracy.  Thus, to obtain a conviction in a controlled substance conspiracy case, the government must "establish to the jury's satisfaction beyond a reasonable doubt that [defendant] knew that she was engaged in a conspiracy [involving] ... some controlled substance."  *United States v. Morgan*, 385 F.3d 196, 206 (2d Cir. 2004) (emphasis added); *accord United States v. Anderson*, 747 F.3d 51, 61 (2d Cir. 2014) (stating that "to convict [defendant] of the conspiracy charged, the government was required to prove that [he] knew the conspiracy involved controlled substances, and that he participated in the conspiracy with the specific intent that controlled substances be possessed by him and distributed."); *United States v. Salinas*, 763 F.3d 869, 877 (7th Cir. 2014) (same); *United States v. Anaya*, 727 F.3d 1043, 1051 (10th Cir. 2013) ("21 U.S.C. § 841(a)(1) does not require the Government to prove a defendant knew the precise nature of the controlled substance he possessed, so long as he knew he did in fact possess a controlled substance." (internal quotation marks omitted)); *United States v. Burgos*, 703 F.3d 1, 10 (1st Cir. 2012) ("[T]he Government must show that the defendant knew the conspiracy involved a controlled substance, but need not show that the defendant knew the specific controlled substance being distributed."); *United States v. Patino-Prado*, 533 F.3d 304, 312 (5th Cir. 2008) (rejecting argument that, if government alleges defendant conspired to possess several controlled substances, jury must unanimously agree about each of several controlled substances defendant's conspiracy was actually aimed at possessing; holding that government is only required "to show that the defendant knew that the substance was a controlled substance.").

-4-

Accordingly, in the instant case, where more than one controlled substance analogue was charged, the jury was not required to agree on which controlled substance analogue or analogues Raymond knowingly conspired to possess with intent to distribute and to distribute.  Rather, the jury was required to find unanimously that Raymond knowingly conspired to possess with the intent to distribute and to distribute a controlled substance analogue.  This is what the Court charged in the instant case.  Raymond's argument in this respect lacks merit, as do the other arguments he raises on this motion.

It is therefore

ORDERED that Andrew Raymond's motion (Dkt. No. 238) to set aside the verdict and for a new trial is denied; and it is further

ORDERED that the Clerk of the Court is directed to serve this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date:   December 11, 2017
        Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge

-5-